IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

FILED
APR 07 2025
Donna Jill Johnson
CIRCUIT CLERK

DARREN JOHNSON                                                                PLAINTIFF

VS.                                           CIVIL ACTION NO.: 25CV037(CW)

ALLISON CASEY; GEORGIA-PACIFIC LLC;
KOCH INDUSTRIES, INC; and
JOHN AND JANE DOES 1-10                                                       DEFENDANTS

<u>COMPLAINT</u>
(Jury Trial Demanded)

COMES NOW Plaintiff, DARREN JOHNSON, by and through his attorney of record, and files this Complaint against Defendants ALLISON CASEY; GEORGIA-PACIFIC LLC; KOCH INDUSTRIES, INC; and JOHN AND JANE DOES 1-10 in support of this Complaint, Plaintiff would show unto this Honorable Court the following facts and matters, to-wit:

1. Plaintiff, Darren Johnson (hereinafter "Plaintiff") is an adult resident of Houston County, Texas who resides at 11800 City Park Central Ln, Apt 528 Houston, Texas 77047.

2. Defendant, Allison Pogue Casey (hereinafter "Defendant Casey"), is an adult resident citizen of Jones County, Mississippi. Process may be served upon said Defendant at their residence at 1130 North 6th Ave, Laurel, Mississippi 39440 by any means provided under Rule 4 of the Mississippi Rules of Civil Procedure.

3. Defendant Georgia-Pacific LLC (hereinafter "GP") is a Delaware limited liability company conducting business in the State of Mississippi, with its principal place of business located at 133 Peachtree St NE Atlanta, Georgia 30303. Process may be served upon said defendant through its registered agent for service of process, United Agent Group, Inc., located at 7 Professional Pkwy #101 Hattiesburg, Mississippi 39402, by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.

4. Defendant Koch Industries, Inc. (hereinafter "Koch") is a Kansas Corporation conducting business in the State of Mississippi, with its principal place of business located at 4111 E

**EXHIBIT 2**

37th N Wichita, KS 67220. Process may be served upon said defendant through its registered agent for service of process, CT Corporation System., located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232 by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.

5. Defendants John and Jane Does 1-10 are corporations, entities, businesses, subsidiaries, employees of Georgia-Pacific LLC and Koch Industries, Inc., individuals and the like which are presently unknown to the Plaintiff, but who are liable in this cause, and who are individuals the Plaintiff assert are unable to be currently identified, despite diligent efforts. Said Defendants are named pursuant to Mississippi Rule of Civil Procedure 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortuous with respect to the injuries suffered by Plaintiff.

### JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over this matter because the amount in controversy exceeds two hundred dollars ($200) exclusive of interest and costs.

7. Venue is proper in Lauderdale County, Mississippi, as that is where the accident took place.

### FACTS

8. On or about January 16, 2024, Plaintiff and Defendant Casey were travelling eastbound in the left lane on Interstate 20 in Lauderdale, Lauderdale County, Mississippi.

9. On said date, Plaintiff was traveling behind Defendant Casey when Defendant Casey loss control of her vehicle, left the roadway then re-entered and struck Plaintiff head on.

10. At the time of the collision, Defendant Casey was operating a vehicle within the course and scope of her employment with Defendants GP and Koch.

11. Defendant Casey's vehicle was owned by Defendants GP and Koch.

12. At the time of the wreck, the weather condition was snowing and it was daylight outside.

13. Defendant Casey failed to maintain control of her vehicle which was the direct cause of the subject collision.

14. As a result of the accident, Plaintiff suffered injuries to his back, neck, left ankle, left knee, bilateral shoulders, and body as a whole.

15. The negligent actions and inactions by Defendants are the direct and proximate cause of the harm suffered by Plaintiff, including medical billing, pain and suffering, and all other damages under applicable law.

## CAUSES OF ACTION

### I.   Negligence

16. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

17. Defendant Casey was negligent in the operation of the vehicle and said negligence proximately caused Plaintiff's injuries.

18. Defendant Casey at said time, date, and place of collision, was guilty of negligent acts and/or omissions which were the direct and/or proximate cause of the results of said accident and the resulting damages to Plaintiff, in one or more of the following ways to wit:

    a. Failure to keep a proper lookout;

    b. Failure to keep the vehicle under reasonable and proper control;

    c. Failure to obey the "rules of the road";

    d. Failure to timely apply the brakes and/or stop said vehicle;

    e. Failure to do any other reasonable acts necessary to prevent said collision; and

    f. Other acts of negligence to be shown at trial.

19. As a direct and proximate result of the above mentioned negligence and breach of Defendants, Plaintiff sustained bodily injuries and damages. Plaintiff's damages include, but are not limited to: bills for medical treatment, past and future; loss of wages, past and future; physical pain and suffering, past and future; mental and emotional distress, past and future; and loss of enjoyment of life.

## II. Negligent Supervision/Training

20. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

21. Defendants GP and Koch owed a duty to properly supervise and train all employees and guests, in the scope and course of their employment including instruction and training on the use of reasonable safety precautions while operating company vehicles.

22. Defendants GP and Koch failed to ensure that its employees/guests followed company safety policies, procedures, and industry practices to prevent the injuries suffered by Plaintiff.

23. Defendants GP and Koch breached their duty by failing to properly instruct, train, or supervise personnel to maintain company vehicles in a safe and reasonable manner to prevent the injuries suffered by Plaintiff.

24. At all relevant times, Defendants John and Jane Does 1-10, were employees/guests of Defendants, and were acting within the course and scope of their employment. Plaintiff was directly injured by Defendants breach of its above-listed duties.

25. Defendants' breach of duty was a direct and proximate cause of the harm suffered by Plaintiff and but for this negligent conduct, the harm suffered by Plaintiff would have been avoided.

## III. Negligent Infliction of Emotional Distress

26. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

27. Defendants' negligent conduct was extreme and outrageous and said outrageous conduct caused Plaintiff severe emotional distress. Defendants were negligent in part because they knew or had reason to know of facts that created a high risk of harm to Plaintiff and negligently proceeded to act in conscious disregard of, or in extreme indifference to, that risk.

28. Defendants' conduct was so outrageous in character, and so extreme in nature, as to exceed all possible bounds of decency. Defendants' conduct and/or actions proximately caused Plaintiff to suffer severe emotional distress.

## IV. RESPONDEAT SUPERIOR

29. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

30. At all relevant times, all its employees/agents, including Defendants John and Jane Does 1-10 were performing work which benefited the Defendants.

31. Defendants John and Jane Does 1-10 were at all relevant times acting within the scope and course of their duties as employees of the Defendants.

32. Based on the facts and circumstances then and there existing, Defendants are vicariously liable for the negligent conduct of their employees which caused injury to Plaintiff.

## PUNITIVE DAMAGES

33. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

34. The actions of the Defendants constitute gross negligence and/or reckless disregard for Plaintiff's safety.

35. As a result of this reckless inattention on the part of all Defendants, Plaintiff was struck, when Defendant Casey negligently loss control of her vehicle with no regard for the danger it posed to Plaintiff.

36. At all times pertinent hereto, and with respect to all aforementioned causes of action, Defendants were grossly negligent and acted willfully, wantonly and in reckless disregard for the safety of Plaintiff.

37. Punitive damages are appropriate to punish the Defendants for their previously mentioned wrongful conduct and to deter Defendants from engaging in said wrongful conduct giving rise to this cause of action.

## DAMAGES

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Darren Johnson, demands judgment from Defendants ALLISON CASEY; GEORGIA-PACIFIC LLC; KOCH INDUSTRIES, INC. and JOHN and JANE DOES 1-10, and requests this Honorable Court to grant relief as follows:

1. Economic and non-economic damages in an amount provided by law and to be supported by evidence at trial;

2. Compensatory damages for pain and suffering, emotional and mental anguish, and loss of enjoyment of life in an amount to be determined at trial;

3. At all times pertinent hereto, and with respect to all aforementioned causes of action, Defendants were grossly negligent and acted willfully, wantonly and in reckless disregard for the safety of Plaintiff. Punitive damages are appropriate in order to punish the Defendants for their previously mentioned wrongful conduct and to deter Defendants from engaging in said wrongful conduct giving rise to this cause of action;

4. Past and future medical expenses/billing;

5. Past and future pain and suffering;

6. Past and future lost wages;

7. Pre-judgment and post-judgment interest;

8. Reasonable attorney's fees, litigation expenses, expert witness fees, and cost of this litigation, together with all cost of court; and

9. Any other relief to which Plaintiff may justly and properly be entitled, all within the jurisdictional limits of this Court.

Respectfully Submitted,

Darren Johnson, Plaintiff

_____
ASHLEY HENDRICKS DUCK

ATTORNEY FOR PLAINTIFF:

Ashley Hendricks Duck (MSB # 104240)
Darryl M. Gibbs, Esq. (MSB #100232)
Rogen K. Chhabra, Esq. (MSB #99131)
Ray L. Gustavis, Esq. (MSB #105344)
Chhabra, Gibbs & Gustavis, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone:(601) 948-8005
Facsimile:(601) 948-8010
ahendricks@cglawms.com
dgibbs@cglawms.com
rchhabra@cglawms.com
rgustavis@cglawms.com